Argued and submitted March 20, reversed and remanded June 21, petition for review
denied September 5, 1995 (321 Or 560)

Jasper OSBORN
and Judy Osborn,
*Appellants,*

*v.*

CRANE EQUIPMENT MANUFACTURING
CORPORATION,
*Defendant,*

*and*

NIEDERMEYER-MARTIN COMPANY
and Richard Walls,
*Respondents.*

(9202-01217; CA A78833)

897 P2d 1192

James L. Edmunson argued the cause for appellants. On the briefs was Peter O. Hansen.

Karen O'Kasey argued the cause for respondents. With her on the brief were Erich H. Hoffmann and Schwabe, Williamson, Wyatt.

Michael V. Phillips filed an *amicus curiae* brief for Oregon Trial Lawyers Association.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff[1] appeals from an adverse judgment in his third-party tort action against defendant Niedermeyer-Martin Company (NMC) for personal injuries sustained during his employment with Pacific Wood Treating Corporation (PWTC). We reverse and remand.

NMC is an Oregon corporation that buys raw lumber, poles and piling and sells them to PWTC for treatment with creosote. PWTC then sells the treated product back to NMC, which in turn sells it to the customer. Plaintiff was employed by PWTC as a pilot car driver. He was severely injured when a pole fell on him while he was watching the loading of an NMC-owned truck that he had been assigned to pilot. The poles were being delivered to PWTC by NMC. The truck driver, defendant Richard Walls, was an NMC employee.

Plaintiff received workers' compensation benefits from PWTC for his injuries. He filed this third-party claim against NMC and Walls pursuant to ORS 656.154. NMC moved for summary judgment on the ground that the interrelationship between NMC and PWTC made NMC plaintiff's employer for purposes of workers' compensation. The trial court denied the motion, but bifurcated the trial, considering first the question of whether NMC was immune from plaintiff's claim under ORS 656.018. After a factfinding hearing, the trial court found that, although there is no "direct" employment relationship between plaintiff and NMC, NMC and PWTC are the same entity, that plaintiff therefore is a subject worker of NMC, and that, accordingly, NMC is immune from liability pursuant to ORS 656.018. The court entered judgment for NMC.

ORS 656.018 provides, in part:

"(1)(a)  The liability of every *employer* who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the

---

[1] Plaintiffs are Jasper Osborn, the injured worker, and his wife Judy. For the sake of convenience, we use the term "plaintiff" when referring either to Jasper or to Jasper and Judy. Defendant Crane Equipment Manufacturing Corporation is not a party to this appeal.

subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom * * *.

"* * * * *

"(3) The exemption from liability given *an employer* under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the department, and the contracted agents, employees, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the department * * *[.]" (Emphasis supplied.)

An "employer," for purposes of ORS chapter 656, is defined in ORS 656.005(13) as

"any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

The trial court expressly found that, although the NMC truck driver was responsible for directing plaintiff in such matters as route, speed and breaks during dispatch, that "modicum of supervisory authority" was not sufficient control by NMC to make plaintiff a subject worker of NMC for purposes of workers' compensation.

The trial court concluded, nonetheless, that the exemption of ORS 656.018 was available to NMC, because of "the intercorporate relationship between * * * PWTC and NMC." The court reasoned, essentially, that if PWTC had been unable to satisfy its obligations to plaintiff, then plaintiff could have successfully challenged the separate corporate identities of PWTC and NMC, "pierced the corporate veil," and made a claim against NMC. Accordingly, the court concluded that PWTC and NMC are one and the same for purposes of the immunity conferred by ORS 656.018.

Plaintiff assigns error to many of the trial court's findings in support of its conclusion that PWTC and NMC are one corporation. He contends that those findings are incomplete or that they are not supported by the record. In our view, however, the proper inquiry concerns NMC's relationship with plaintiff, not its relationship with PWTC. As the Supreme Court said in *Martelli v. R.A. Chambers and Associates*, 310 Or 529, 536, 800 P2d 766 (1990), the immunity

conferred by ORS 656.018 is available only to one who fills the role of the plaintiff's employer, by virtue of the direction and control of the worker's services. The record supports the trial court's determination that under that test, plaintiff was a subject worker of PWTC, not of NMC. Additionally, NMC does not fit within any of the other categories of persons entitled to immunity under ORS 656.018. That is the extent of our inquiry. We reject the contention that NMC should be treated as claimant's employer for the purpose of immunity because of the nature of its relationship with PWTC. The employment relationship exists for the purpose of immunity under ORS 656.018 only if there is an employment relationship between the plaintiff and the defendant as defined in the Workers' Compensation Law. We decline to inquire into whether the separate corporate identities of NMC and PWTC might be subject to challenge in a hypothetical claim against NMC for PWTC's misconduct. Here, plaintiff seeks to sue NMC for NMC's own negligence. As a legal matter, ORS 656.018 offers no protection to NMC in the absence of an employment relationship.

In a cross-assignment of error, defendants challenge the trial court's determination that plaintiff was not a subject worker of NMC for workers' compensation purposes. Our examination of the record reveals evidence supporting both parties' positions regarding the direction and control test for purposes of determining whether PWTC or NMC was plaintiff's employer. The evidence supports the trial court's determination that NMC's involvement with plaintiff did not give rise to an employment relationship with NMC.

Reversed and remanded.